IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE McDONNELL, on behalf of herself and similarly situated employees,<br><br>Plaintiff,<br>v.<br><br>KRG KINGS LLC and KELLY OPERATIONS GROUP, LLC,<br><br>Defendants. | CIVIL ACTION 2:20-cv-1060<br><br>FILED ELECTRONICALLY ON JULY 15, 2020<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Darlene McDonnell ("Plaintiff") brings this class/collective action lawsuit against KRG Kings LLC ("KRG") and Kelly Operations Group, LLC ("Kelly") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.*

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in New Kensington, PA (Westmoreland County).

5. KRG is a corporate entity registered with the Commonwealth and maintaining a principal place of business in North Versailles, PA (Allegheny County).

1

6. Kelly is a corporate entity registered with the Commonwealth and maintaining a principal place of business in Pittsburgh, PA (Allegheny County).

7. Defendants jointly employ individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

8. During the relevant three-year period, Defendants have owned and operated between 16 and 23 restaurants in Pennsylvania under the "Kings Family Restaurant" brand.

9. Defendants employed between 10 and 30 servers (a.k.a. waitresses/waiters) at each Kings Family Restaurant location.

10. Up until approximately June 26, 2020, Defendants owned and operated the Kings Family Restaurant located at 2400 Leechburg Road, New Kensington, PA 15068 (the "New Kensington Restaurant").

11. From approximately 1991 until September 2019, Plaintiff worked as a server at the New Kensington Restaurant.

12. During the relevant period, Defendants paid Plaintiff and other servers an hourly wage of approximately $3.45 plus tips from customers.

13. In seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendants purport to utilize a "tip credit" in the amount of $3.80 ($7.25 - $3.45) for each hour worked by Plaintiff and other servers at their Kings Family Restaurants. *See* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

14. As part of their work at Defendants' Kings Family Restaurants, Plaintiff and other servers have been required to perform non-tip-producing work. Such work included, but was not

2

limited to: rolling silverware; washing dishes, cleaning the ice cream bar, taking used dishes from the dining room to the back of the Restaurant, bringing clean dishes from the back of the restaurant to the dining room, cutting fruit, and cleaning the restaurant.

15. Plaintiff estimates that she and other servers spent at least 30% of their working hours performing the types of tasks identified in paragraph 14, *supra*. This includes being required by Defendants to perform non-tip-producing work for approximately 15-30 minutes at the end of the day when restaurant managers relieve (or "cut") servers of their customer service duties to focus exclusively on performing non-tip producing work.

16. Kelly and KRG each exercise significant control over the working conditions of their servers making them joint employers under the FLSA and PMWA. For example, both entities share the same "Vice President of Human Resources" named James Covelli according to his individual Linkedin page. Defendants announced the permanent closure of the New Kensington Restaurant to employees via a June 26, 2020 email from Mr. Covelli. In this June 26th correspondence, Mr. Covelli informed Plaintiff and other servers that "[a]ll New Kensington location employees are being laid off (terminated) effective today, 6/26/2020" and "[u]nfortunately, we will not be accepting transfers to other locations." Mr. Covelli then provided additional details to the New Kensington Restaurant employees regarding, *inter alia*, medical benefits, unemployment benefits, and year-end IRS W-2 form documents.

## COLLECTIVE AND CLASS ALLEGATIONS

17. Plaintiff brings this lawsuit against Defendants as an FLSA collective on behalf of herself and all individuals who, during anytime within the past three years, have been employed as servers at one of Defendants' Kings Family Restaurants.

18. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and

other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19. Plaintiff brings this lawsuit against Defendants as a PMWA class action on behalf of herself and all individuals who, during anytime within the past three years, have been employed as servers at one of Defendants' Kings Family Restaurants in Pennsylvania.

20. Plaintiff's PMWA claim should proceed as a class action because, as summarized in paragraphs 8-16, all of Federal Rule of Civil Procedure 23's requisites are satisfied.

21. The putative class, upon information and belief, includes at least 40 individuals, all of whom are readily ascertainable based on Defendants' standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

22. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

23. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

24. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation practices.

25. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The FLSA entitles employees to a minimum hourly wage of $7.25.

28. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so with respect to hours in which the servers perform non-tip-generating tasks (such as those identified in paragraph 14, *supra*) that are either: (a) unrelated to the servers' tip-generating duties, *see* 29 C.F.R. § 531.56(e);[1] *or* (b) related to the employee's tipped occupation but exceed 20% of the employees' work hours, *see Belt v. P.F. Chang's China Bistro, Inc.*, 401 F. Supp. 3d 512 (E.D. Pa. 2019).

29. By utilizing the tip credit to pay Plaintiff and other servers for time associated with non-tip-generating tasks, Defendant has willfully violated the FLSA.

## COUNT II
### (Alleging Violations of the PMWA)

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The PMWA entitles employees to a minimum hourly wage of $7.25.

32. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so with respect to hours in which the servers perform non-tip-generating tasks such as those identified in paragraph 14, *supra*. *See Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 715 (E.D. Pa. 2014) (Under the PMWA "[w]hen employees perform both tipped and non-tipped work, employers must pay the full minimum

---

[1] *See also Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work").

wage for all hours that their employees spend performing non-tipped tasks").

33. By utilizing the tip credit to pay Plaintiff and other servers for time associated with non-tip-generating tasks, Defendant has violated the PMWA.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. The tip-credit for every hour worked performing non-tip-generating tasks;

B. Prejudgment interest to the fullest extent permitted under federal and state law;

C. Liquidated damages to the fullest extent permitted under the FLSA;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Date: July 15, 2020

*[signature]*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE McDONNELL, on behalf of herself and similarly situated employees, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| KRG KINGS LLC and KELLY OPERATIONS GROUP, LLC, | : : : |
| Defendants. | : : |

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

DocuSigned by:

Darlene McDonnell
―――――――――――――――――――
171C0C5AFC0040D...
Signature

Darlene McDonnell
―――――――――――――――――――
Print Name