IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE MCDONNELL, | ) |
| Plaintiff, | ) 2:20-CV-01060-CCW |
| v. | ) |
| KRG KINGS LLC., KELLY OPERATIONS GROUP, LLC., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER GRANTING JOINT MOTION TO APPROVE STIPULATION TO CONDITIONAL CERTIFICATION OF THE FLSA COLLECTIVE

Before the Court is Plaintiff Darlene McDonnell's Joint Motion to Approve Stipulation to Conditional Certification of the FLSA Collective ("the Stipulation"), ECF No. 26, which seeks to conditionally certify the case as a collective action pursuant to 29 U.S.C. § 216(b) to include "All individuals who, during any week since July 16, 2017, have been employed as servers at Kings Family Restaurants and were paid an hourly wage below $7.25." ECF No. 26 at 1.

A court can conditionally certify a Fair Labor Standards Act ("FLSA") collective action if the plaintiff makes a "modest factual showing" that she is similarly situated with the other members of the proposed collective action: "[t]his is a lenient standard, requiring the plaintiff to produce 'some evidence, "beyond pure speculation," of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees.'" *Jones v. Alliance Inspection Mgmt., LLC*, Civil Action No. 13-1662, 2014 WL 1653112, at *11 (W.D. Pa. Apr. 24, 2014) (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192–93 (3d Cir. 2011), *rev'd on other grounds*, 133 S.Ct. 1523 (2013) (quoting *Smith v. Sovereign Bancorp, Inc.*, Civil Action No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. 2003))).

Plaintiff McDonnell was employed as a server at the Kings Family Restaurant located in New Kensington, PA, from 1991 until September, 2019. ECF No. 1 at ¶ 11. Plaintiff alleges that "in seeking to comply" with their minimum wage obligations under the FLSA, Defendants "purport[ed] to utilize a 'tip credit,'" pursuant to 29 U.S.C. § 203(m), such that servers (including Plaintiff) were paid "an hourly wage of $3.45 plus tips from customers." *Id.* at ¶¶ 12–13. Plaintiff further alleges that she and other servers were required to perform non-tip-generating work (including "rolling silverware; washing dishes, cleaning the ice cream bar, taking used dishes from the dining room to the back of the Restaurant, bringing clean dishes from the back of the restaurant to the dining room, cutting fruit, and cleaning the restaurant"), which Plaintiff estimates amounted to "at least 30% of [servers'] working hours." *Id.* at ¶¶ 14–15.

In support of the Joint Motion to conditionally certify the collective action, the parties stipulate that

> there is a factual nexus between the manner in which Defendants' alleged policy affected Plaintiff and Putative Collective Members. These common agreed to facts include, for example, Plaintiff and Putative Collective Members each worked as servers at King Family Restaurants, were classified as "tipped employees" for purposes of 29 U.S.C. § 203(m)(2), were paid an hourly wage below $7.25, may have performed some amount of side work as part of their employment, and were classified as employees covered by the FLSA's minimum wage and overtime premium pay provisions.

ECF No. 26 at 3;  ECF No. 26-1 at ¶ 2. As such, "the parties agree that the lenient modest factual showing standard to conditionally certify an FLSA collective for purposes of sending notice is satisfied." *Id.* The parties further agree that "Plaintiff will not pursue her Pennsylvania Minimum Wage Act ("PMWA") claim as a class action claim under Federal Rule of Civil Procedure 23" but that "Plaintiff and any Putative Collective Members who join this case pursuant to 29 U.S.C. § 216(b) will continue to assert PMWA claims, and the limitations period applicable to such PMWA claims is tolled as of July 16, 2017." ECF No. 26 at 1–2;  ECF No. 26-1 at ¶¶ 3–4.

Pursuant to the parties' Stipulation, the Court is satisfied that that Plaintiff and the members of the proposed collective action are similarly situated given the "lenient standard" set forth above. Therefore, the Court ORDERS that this case is conditionally certified as a collective action under 29 U.S.C. § 216(b) and will proceed as such until further order of the Court. The collective action shall consist of the following:

> **All individuals who, during any week since July 16, 2017, have been employed as servers at Kings Family Restaurants and were paid an hourly wage below $7.25.**

IT IS FURTHER ORDERED that the Court authorizes the Notice of Collective Action and Consent Form filed as part of the Stipulation, ECF No. 26-1, to be delivered or otherwise disseminated by mail.

IT IS FURTHER ORDERED that the parties shall comply with the following schedule:

| | |
|---|---|
| **No later than March 2, 2021** | Counsel for Defendants shall provide to Collective Counsel in Excel (.xlsx) format the following information regarding all Putative Collective Members: full names; last known mailing addresses with city, state, and zip code; and all known email addresses. |
| **No later than March 9, 2021** | Collective Counsel must send a copy of the Court-approved Notice and Consent Form, and postage paid return envelope (collectively "Notice Package") to every Putative Collective Member by First Class U.S. Mail. |
| **No later than April 23, 2021** | The Putative Collective Members shall have until April 23, 2021 to return their signed Consent Forms to Collective Counsel for filing with the Court (the "Notice Period"). |
| **No later than April 27, 2021** | Collective Counsel shall file with the Court all signed Consents to Join. |
| **No later than April 30, 2021** | Counsel for the parties must meet and confer and file a proposed discovery plan for the remainder of litigation. |

IT IS FURTHER ORDERED that the Court shall hold a telephonic status conference on **May 4, 2021** at **9:00 a.m.** The parties are not required to file confidential position letters in advance of this conference.

IT IS FURTHER ORDERED that in accordance with LCvR 16.2 the parties shall file a completed ADR stipulation on or before **March 2, 2021**. The parties shall complete ADR on or before **May 11, 2021**.

DATED this 16th day of February, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record