IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE MCDONNELL, *on behalf of herself and similarly situated employees*,<br><br>     Plaintiffs,<br><br>  v.<br><br>KRG KINGS LLC, KELLY OPERATIONS GROUP, LLC,<br><br>     Defendants. | 2:20-CV-01060-CCW |

## **OPINION AND ORDER**

Plaintiff Darlene McDonnell initiated this case on behalf of herself and 405 other current and former employees (collectively, "Plaintiffs"), who worked as servers for Defendants KRG Kings LLC and Kelly Operations Group, LLC (collectively, "Defendants"). Plaintiffs, who have been finally certified as a collective, assert a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a state-law claim under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* Specifically, Plaintiffs allege Defendants violated their minimum-wage obligations under the FLSA and PMWA by paying Plaintiffs the hourly wage for tipped employees (in this case, $2.83 per hour) but requiring Plaintiffs to perform more than 20% of their time on non-tipped "side-work."

Plaintiffs have filed two Motions in Limine, ECF Nos. 104, 106, and Defendants have filed five Motions in Limine, ECF No. 116 ¶¶ 1–5. The Court resolves each of these motions as set forth below.

## I.  LEGAL STANDARD

A court's authority to rule on motions in limine comes from its inherent authority to manage trials proceeding before it, not from the Federal Rules of Evidence.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Consistent with that authority, a court may screen irrelevant or otherwise improper evidence, thereby "narrow[ing] the evidentiary issues for trial and . . . eliminat[ing] unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990);  *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988) ("A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant.").  That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds."  *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 WL 3573663, at *3 (W.D. Pa. Aug. 6, 2019) (Gibson, J.) (internal quotation marks omitted).

Here, the parties' motions in limine generally implicate Federal Rules of Evidence 401, 402, and 403.  Under Rule 401, evidence is relevant if it tends to make a fact of consequence to the action more or less probable.  Fed. R. Evid. 401.  Under Rule 402, only relevant evidence is potentially admissible;  irrelevant evidence, in contrast, is always inadmissible.  Fed. R. Evid. 402.  Rule 403 directs that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *Pirl v. Sergeant*, --- F. Supp. 3d ----, 2022 WL 3141801, at *2 (W.D. Pa. 2022) (Gibson, J.) (internal quotation marks

omitted).  The decision to exclude evidence under Rule 403 falls within the trial court's discretion. *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995).

## II.    DISCUSSION

### A.    The Court Will Deny as Moot Plaintiffs' First Motion in Limine

Plaintiffs have filed a Motion in Limine to "preclude Defendants from offering any evidence or argument about either Defendant's financial status or potential inability to pay a judgment" pursuant to Rules 402 and 403.  ECF No. 104 at 1.  Defendants do not oppose this request.  ECF No. 126 at 1.  Accordingly, the Court will DENY AS MOOT Plaintiffs' First Motion in Limine.

### B.    The Court Will Grant in Part and Deny in Part Plaintiffs' Second Motion in Limine

Plaintiffs' second Motion seeks to "preclude Defendants from offering any evidence or argument about the amount of tips received by Plaintiffs."  ECF No. 106 at 1.  First, Plaintiffs contend that this evidence is not relevant to whether Defendants violated the FLSA or PMWA and, therefore, is properly excluded pursuant to Rule 402.  Second, Plaintiffs argue that, even if relevant, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues or misleading the jury under Rule 403.  Defendants respond that if jurors hear that Defendants paid employees only $2.83 per hour, which is lower than minimum wage, and are not permitted to hear that Plaintiffs also received tips, this "incomplete picture" of Plaintiffs' compensation may inappropriately prejudice Defendants by invoking juror sympathy toward Plaintiffs.  ECF No. 123 at 1.  Thus, Defendants contend they should be permitted to present testimony and argument regarding the amount of tips Plaintiffs received.

Under the FLSA, an employee is considered a "tipped employee" if she receives "more than $30 a month in tips," among other requirements.  29 U.S.C. § 203(t); *see also* 29 C.F.R. §

531.36 (additional requirements).  An employer is permitted to "reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips," known as the "tip credit." *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994) (citing 29 U.S.C. § 203(m)(2)).  Here, Defendants categorized Plaintiffs as tipped employees and, rather than paying the statutory minimum wage of $7.25, paid them $2.83 per hour.  Therefore, Defendants received, at most, a "tip credit" of $4.42 per hour—the difference between the statutory minimum wage and Plaintiffs' actual hourly wage as a tipped employee.

Testimony regarding the general pay structure of a tipped employee is relevant because it explains why Defendants were generally paying Plaintiffs $2.83 per hour.  In addition, evidence regarding whether employees received more than $30 a month in tips is relevant as to whether Plaintiffs were properly classified as tipped employees.  Similarly, for calculating damages, evidence regarding whether, and for what time periods, Defendants received the full tip credit of $4.42, is relevant.  And if Defendants did not receive the full tip credit for certain time periods for certain employees, what amount less than the full tip credit was received is relevant.  The Court also finds that the relevance of the preceding categories of information is not substantially outweighed by the danger of unfair prejudice.  Therefore, the preceding categories of information may be presented at trial.  However, evidence regarding the amount of tips Plaintiffs received above $4.42 per hour is not relevant, and even if it did have some marginal relevance, it would be substantially outweighed by the danger of unfair prejudice because the jury may hear that Plaintiffs made a significant amount in tips and reduce damages that Plaintiffs may otherwise be lawfully entitled to.

Therefore, the parties may not present such evidence.  Accordingly, Plaintiffs' Second Motion in Limine is GRANTED IN PART and DENIED IN PART.

4

**C.      The Court Will Deny Without Prejudice Defendants' First Motion in Limine**

Defendants have filed a Motion in Limine to exclude what they describe as "David and Goliath" references, i.e. "[e]vidence or testimony characterizing this case as pitting an individual (or individuals) against a large corporation or corporations," pursuant to Rules 401, 402, and 403. ECF No. 116 ¶ 1.  Specifically, Defendants request that the Court preclude either direct or indirect references to the following seven topics:

> (1) the number of attorneys and paralegals appearing on behalf of the parties,
> (2) the costs of prosecuting or defending the action,
> (3) the number of attorneys or the size and scope of counsels' firms,
> (4) the clothes or jewelry worn by counsel, staff, and witnesses,
> (5) the nature or number of trial exhibits, demonstrative exhibits, and other evidence,
> (6) witness fees, or
> (7) any other matter promoting an inference that this is a "David and Goliath" situation.

ECF No. 117 at 2.  Plaintiffs agree not to offer "evidence or argument regarding topics 1, 2, 3, 4, and 6."  ECF No. 122 at 1.  Thus, the only topics that are unresolved pertain to the "nature or number" of the exhibits and evidence and a catch-all for any other "David and Goliath" situation. The Court will DENY Defendants' First Motion in Limine as to both topics.

First, the Court agrees with Plaintiffs that precluding them from referring to the nature or number of exhibits and evidence is overly broad and could prevent them from "making *any* characterizations about the evidence presented by Defendants at trial."  ECF No. 122 at 2.  To the extent that the fifth topic implicates relevant evidence, its potential probative value is not substantially outweighed by the danger of unfair prejudice under Rule 403 and the Court will not preclude references to such evidence.

Second, the Court will not grant Defendants' request to preclude "any other matter promoting an inference that this is a 'David and Goliath' situation."  ECF No. 117 at 2.  The Court

agrees that references to the parties' size differences generally do not appear to be relevant to the claims in the case. That said, Defendants' motion in limine is overbroad and premature, because there are circumstances where references to Defendants' corporate structure are relevant to the claims in this case, such as to analyze whether Defendants are joint employers. *See Schram v. Schwan's Sales Enters., Inc.*, No. C-1-02-241, 2006 WL 8442815, at *2 (S.D. Ohio Sept. 1, 2006) (finding this type of broad motion in limine is "premature and not amenable to a pretrial limiting instruction"); *see also Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, No. 2:16-cv-02322-AB, 2017 WL 11489792, at *7 (C.D. Cal. Nov. 15, 2017) (asking the district court to exclude any "David and Goliath" reference is too overbroad for a motion in limine). Accordingly, Defendants' First Motion in Limine will be DENIED WITHOUT PREJUDICE to Defendants' ability to object to a particular reference at trial, if necessary.

### D. The Court Will Deny Without Prejudice Defendants' Second Motion in Limine

Defendants' second Motion broadly seeks to preclude Plaintiffs from using "inflammatory terminology," including that Defendants were "stealing wages" or "shortchanging" Plaintiffs or other employees, on the ground that any probative value is substantially outweighed by the danger of undue prejudice. ECF No. 116 ¶ 2. Defendants' general request to exclude "inflammatory terminology" is overbroad and will be DENIED.

Generally, courts may "prohibit the use of certain pejorative terms when such categorizations were inflammatory and unnecessary to prove a claim and such statements do not bear on the issues being tried." *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. 2017) (internal quotation marks omitted). That said, if a term relates to the underlying claim, then courts are reluctant to restrict its usage. *See, e.g.*, *Harvey v. Dombroski*, No. 3:01cv1768, 2008 WL 2367295, at *2–3 (M.D. Pa. June 5, 2008) (denying a

motion in limine to exclude the phrase "illegal break-in" because the plaintiff raised a claim that she was subjected to an unlawful break-in); *United States v. Helbrans*, No. S2 19-cr-497 (NSR), 2021 WL 4778525, at *15–17 (S.D.N.Y. Oct. 12, 2021) (permitting the use of the terms "kidnapping" and "abduction" because these terms related to the crime at issue); *United States v. Patel*, No. 3:21-cr-220 (VAB), 2023 WL 2643815, at *10–11 (D. Conn. Mar. 27, 2023) (allowing the terms "collusion," "secret agreement," "conspiracy," and "victims" because the terms related to the underlying claims).

Here, the terms "stealing wages" and "shortchanging" relate to Plaintiffs' claims under the FLSA and the PMWA and, therefore, will not be excluded. Fed. R. Evid. 402. Plaintiffs have alleged that their wages were improperly withheld. Therefore, the Court is reluctant to limit Plaintiffs' ability to characterize the evidence at trial. In addition, the Court's instructions to the jury will make clear that statements made by counsel are not evidence, thereby limiting any undue prejudice that could result from these comments. Fed. R. Evid. 403. Accordingly, Defendants' Second Motion in Limine will be DENIED WITHOUT PREJUDICE to Defendants' ability to object to a particular reference at trial, if necessary.

### E. The Court Will Deny as Moot Defendants' Third Motion in Limine (ECF No. 116 ¶ 3)

Defendants have filed a Third Motion in Limine to exclude any "[r]eferences to the tax implications of a jury award" pursuant to Rules 401, 402, and 403. ECF No. 116 ¶ 3. Plaintiffs do not oppose this request. ECF No. 122 at 4. Accordingly, the Court will DENY AS MOOT Defendants' Third Motion in Limine.

**F.      The Court Will Grant Defendants' Fourth Motion in Limine (ECF No. 116 ¶ 4)**

Defendants' fourth Motion seeks to exclude "[e]vidence or testimony regarding emotional distress or related sympathy testimony" pursuant to Rules 401, 402, and 403.  ECF No. 116 ¶ 4; ECF No. 117 at 3.  Plaintiffs agree not to present evidence or argument of emotional distress because they are not seeking emotional distress damages.  However, they argue that excluding any "sympathy testimony" could prevent them from testifying that "spending 30% of their shift performing non-tip-generating side-work was tiring and hard work."  ECF No. 122 at 5.

The amount of time Plaintiffs spent performing non-tipped side-work is central to this case, and they should not be prevented from offering such evidence or eliciting such testimony. However, whether an employee found a particular task to be tiring and/or hard is not relevant to whether the task constitutes side work.  Certain tasks can be physically demanding and be considered tipped work.  *See, e.g.*, 29 C.F.R. § 531.56(f)(2)(ii) (assisting with luggage would qualify as tipped work).  By contrast, certain tasks can be less physically demanding and be considered non-tipped work.  *See, e.g.*, *id.* § 531.56(f)(5)(ii) (ordering supplies online would be considered nontipped work).  Thus, because evidence or testimony pertaining to emotional distress, mental anguish, and physical exhaustion is not relevant to the claims, it is properly excluded under Rule 402.  Accordingly, the Court will GRANT Defendants' Fourth Motion in Limine, and Plaintiffs are precluded from offering evidence or eliciting testimony regarding plaintiffs' emotional distress, mental anguish, or physical exhaustion.

**G.      The Court Will Deny Without Prejudice Defendants' Fifth Motion in Limine**

Defendants' final Motion seeks to exclude "[h]earsay or speculation testimony and/or evidence about work performed by other personnel about which Plaintiffs lack personal knowledge" pursuant to Rule 801(c).  ECF No. 116 ¶ 5;  ECF No. 117 at 4.  Specifically,

Defendants request that Plaintiffs be prohibited from testifying "regarding Defendants' policies and procedures, Defendants' actions toward other employees, or the experience of other personnel" as it would amount to "nothing more than inadmissible speculation, conjecture, and hearsay." ECF No. 117 at 4.

Again, Defendants' requested exclusions are too broad for the Court to make a ruling at this time. "Motions *in limine* are threshold motions," which the Court will defer or deny "unless the evidence is clearly inadmissible prior to trial." *Transcontinental Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres*, No. 4:17-CV-00289, 2019 WL 5622455, at *1 (M.D. Pa. Oct. 31, 2019). Some of the evidence Defendants seek to exclude may be admissible, either because it is within a witness' personal knowledge or because a hearsay exception or exclusion may apply. The Court is not prepared to make a blanket ruling without proper context. Accordingly, Defendants' Fifth Motion in Limine is DENIED WITHOUT PREJUDICE to Defendants' ability to object to a particular reference at trial, if necessary.

### III.     CONCLUSION

For the foregoing reasons, the Court resolves the parties' motions as follows:

- The Court DENIES AS MOOT Plaintiffs' First Motion In Limine.

- The Court GRANTS IN PART and DENIES IN PART Plaintiffs' Second Motion in Limine, as follows:

  o The Motion is GRANTED IN PART such that Defendants cannot offer evidence or elicit testimony regarding the amount of tips Plaintiffs received above $4.42 per hour or above $30 per month, and

  o The Motion is DENIED IN PART such that Defendants are permitted to offer evidence and elicit testimony (1) that Plaintiffs received at least $30 a month in tips; and (2) whether Plaintiffs received at least or less than $4.42 per hour in tips and, if so, the times when this occurred.

- The Court DENIES WITHOUT PREJUDICE Defendants' First Motion in Limine.

- The Court DENIES WITHOUT PREJUDICE Defendants' Second Motion in Limine.

- The Court DENIES AS MOOT Defendants' Third Motion in Limine.

- The Court GRANTS Defendants' Fourth Motion in Limine.  Plaintiffs cannot offer evidence or elicit testimony regarding emotional distress, mental anguish, or physical exhaustion.

- The Court DENIES WITHOUT PREJUDICE Defendants' Fifth Motion in Limine.


DATED this 26th day of April, 2023.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record