IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE MCDONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | **2:20-CV-01060-CCW** |
| | ) | |
| v. | ) | |
| | ) | |
| KRG KINGS LLC., KELLY OPERATIONS | ) | |
| GROUP, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On October 17, 2023, the jury returned a verdict that found that Defendant KRG Kings LLC violated the Fair Labor Standards Act and Pennsylvania Minimum Wage Act by having its servers, Plaintiffs Darlene McDonnell and the 405 opt-in plaintiffs, perform side-work that was not related to serving customers. *See* ECF No. 185 at 1. The jury awarded Plaintiffs unpaid wages of $250,000. *Id.* at 2. Before the Court are Plaintiffs' Motion for the Award of Liquidated Damages and Pre-Judgment Interest, ECF No. 202, and Motion for Costs and Attorneys' Fees, ECF No. 204. KRG opposes both Motions, ECF Nos. 208, 211. For the reasons set forth below, the Court will award Plaintiffs liquidated damages and certain costs, but not prejudgment interest. Plaintiffs' request for attorney's fees will be denied without prejudice.

## I.   Plaintiffs are Entitled to Liquidated Damages

Section 216 of the FLSA permits employees to recover unpaid wages and an additional equal amount of liquidated damages for violations of § 7 of the FLSA. 29 U.S.C. § 216(b). Liquidated damages under § 16(b) are compensatory and they "ease any hardship endured by employees who were deprived of lawfully earned wages." *Sec. U.S. Dep't of Labor v. Am. Future Sys.*, 873 F.3d 420, 433 (3d Cir. 2017). Liquidated damages are mandatory unless the employer

shows that it acted in good faith with reasonable grounds to believe that it was not violating the FLSA. *Id.*; *Blan v. Classic Limousine Transp.*, Civil Action No. 19-807, 2021 WL 1176063, at *7 (W.D. Pa. Mar. 29, 2021). "[D]ouble damages are the norm, single damages the exception." *Blan*, 2021 WL 1176063, at *7 (quoting *Solis v. A-1 Mortg. Corp.*, 934 F.Supp.2d 788, 814 (W.D. Pa. 2013)). The employer has the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Williams v. Tri-Cnty. Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984). The employer's good faith is a subjective inquiry that "requires that the employer have an honest intention to ascertain and follow the dictates of the Act." *Id.* To prove good faith, an employer must show that it took "affirmative steps to ascertain the FLSA's requirements" but violated the provisions anyway. *Souryavong*, v. *Lackawanna Cnty.*, 872 F.3d 122, 125 (3d Cir. 2017). By contrast, the reasonableness of the employer's grounds for believing it was complying with the Act is an objective inquiry. *Blan*, 2021 WL 1176063, at *7 (citing *Marshall v. Burnner*, 668 F.2d 748, 753 (3d Cir. 1982)). "Ignorance alone will not exonerate the employer under the objective reasonableness test." *Williams*, 747 F.2d at 129.

The Court finds that KRG has not met its burden to show good faith such that it should be excepted from paying liquidated damages. KRG relies on KRG's Vice President of Human Resources James Covelli's creation, circulation and posting of a memorandum (the "Covelli Memo") in September 20, 2018, testimony from Messrs. Hurley and Dunmire, two KRG store managers, and the circulation of an employee handbook which included mechanisms for reporting compensation issues, of which there were none. ECF No. 208. However, KRG's evidence fails to meet its "plain and substantial burden."

The Covelli Memo states, in relevant part, "Tipped employees should… Always be punched in at a full non-tipped minimum wage when performing duties un-related to their tipped position such as cleaning bathrooms & mopping floors.  This does not include normal side-work and the basic cleaning and maintaining of your section…."  While Mr. Covelli may have attempted to ascertain the FLSA's requirement by issuing the Covelli Memo,[1] there is no evidence that KRG intended to follow the FLSA.  As Plaintiffs highlight, KRG did not track the amount of time the Plaintiffs' spent performing side-work, and besides posting the Covelli Memo in employee breakrooms, KRG has not pointed to evidence of any additional steps it took to ascertain and ensure that the Plaintiffs were not performing side-work unrelated to serving customers.  ECF No. 203 at 8–9.  Further, the testimony from Messrs. Hurley and Dunmire does not support a finding of good faith.  Neither store manager was aware that KRG was to track its tipped employees' side-work, and, neither testified, as KRG argues, that servers who were clocked in as tipped employees were advised to clock in as non-tipped employees when performing unrelated side-work.  ECF Nos. 203 at 4;  208 at 4–5.  Rather, it appears that servers were expected to perform unrelated side-work while clocked in as tipped employees.  ECF No. 203 at 4–5.  Lastly, the fact that KRG had a complaint process contained within its handbook and did not receive a complaint regarding unrelated side-work does not demonstrate good faith.  *Williams*, 747 F.2d at 129 ("The fact that an employer has broken the law for a long time without complaints from employees does not demonstrate the requisite good faith required by the [FLSA]").  Accordingly, KRG cannot establish that the mandatory liquidated damages award is not applicable.

---

[1] The Court notes that Mr. Covelli did not testify that he reviewed the FLSA in preparing the Memo.  Instead, Mr. Covelli testified that the Memo was prepared in response to his review that "this little tiny literally very small sub shop got fined $90,000" so he "put out a communication to the general managers to all the restaurants with a copy of the article, just a quick synopsis of it," which "also included a memo to them and also a posting that I wanted posted at all of the restaurant locations."  ECF No. 199 at 170:12–171:14.

In support of their request for liquidated damages, Plaintiffs provided an affidavit from their expert, Dr. Liesl M. Fox, that allocates the portion of the $250,000 damages award that is within the 2-year FLSA statute of limitations.  ECF No. 202-1.  KRG has not disputed or challenged the methodology or amount of the liquidated damages.  Therefore, the Court will grant Plaintiffs' Motion and award Plaintiffs liquidated damages in the amount of $159,330.61.

## II.     The Court Declines to Award Plaintiffs Pre-Judgment Interest

Under the FLSA, Plaintiffs are only entitled to two years of unpaid wages, representing $159,330.61 of the $250,000 damages award, because the jury did not find that the FLSA violation was willful.  In contrast, under the PMWA, Plaintiffs are entitled to three years of unpaid wages. Plaintiffs seek pre-judgment interest at a rate of 6% on the remaining $90,669.39 portion of the $250,000 award.  Plaintiffs rely on a case from the Eastern District of Pennsylvania that predicted what the Pennsylvania Supreme Court would do and held that plaintiffs are entitled to prejudgment interest under the PMWA.  *Gonzalez v. Bustleton Services, Inc.*, Civ. A. No. 08-4703, 2010 WL 18183481, at *2 (E.D. Pa. May 5, 2010) (citing *Friedrich v. U.S. Computer Sys., Inc.*, No. 90-1615, 1995 WL 412385, at *3 (E.D. Pa. Jul. 10, 1995).  The Court declines to follow this case. There is no controlling precedent, from either the United States Court of Appeals for the Third Circuit or Pennsylvania courts that permits plaintiffs to receive prejudgment interest under the FLSA.  Further, as Plaintiffs admit, the PMWA does not expressly provide for prejudgment interest.  ECF No. 209 at 6.  Accordingly, in the absence of controlling precedent, the Court declines to award prejudgment interest under the PMWA.

## III.    Plaintiffs Lack Evidence that Their Requested Hourly Rate for Attorney's Fees is Reasonable

Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

4

29 U.S.C. § 216(b).  The issuance of an award is within the discretion of the district court.  *White v. Beaver County*, Civ. A. No. 2:17-cv-998, 2020 WL 3866896, at *2 (W.D. Pa. July 9, 2010) (Hornak, C.J.).  In this Circuit, district courts calculate the lodestar—"the number of hours worked multiplied by the prevailing hourly rate"—before applying the twelve (12) factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1964).  *Souryavong*, 872 F.3d at 128; *White*, 2020 WL 3866896, at *2.

Turning to the lodestar calculation, a reasonable hourly rate is generally "calculated according to the prevailing market rates in the relevant community."  *White*, 2020 WL 3866896, at *3.  A district court "may not set attorney's fees based on a generalized sense of what is usual and proper but must rely upon the record.  *Id.* (citing *Evans v. Port. Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001).  Accordingly, the plaintiff bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case."  *Id.*

KRG objects to the reasonableness of the hourly rate advanced by Plaintiffs' counsel.  Specifically, KRG argues that Plaintiffs have provided no evidentiary support that the rates they seek, which are from the Philadelphia Community fee schedule, are appropriate to the Pittsburgh market.  ECF No. 211 at 5–8.  The Court agrees with KRG.  Plaintiffs have adopted the hourly rates described in the fee schedule published by Community Legal Services of Philadelphia (the "CLS rates"), arguing that the CLS rates have been favorably cited by the Third Circuit and have been used by district courts performing "lodestar crosschecks" of Plaintiffs' counsels' requested fees.  ECF No. 205 at 9–10.  Under the CLS rates, Attorney Santillo has an hourly rate of $605, Attorney Gottesfeld has an hourly rate of $505, and Attorney Tolodziecki has an hourly rate of $280.  *Id.*  However, the Third Circuit cases Plaintiffs rely upon were on appeal from actions in

the Eastern District of Pennsylvania, which sits in Philadelphia. *United States ex rel. Palmer v. C&D Technologies, Inc.*, 897 F.3d 128 (3d Cir. 2018); *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (stating that the CLS rates have been found to be "a fair reflection of the *prevailing market rates in Philadelphia*.'") (emphasis added). Further, the majority of the district courts which have approved the CLS rates for Plaintiffs' counsel are located in the Eastern and Middle Districts of Pennsylvania. Plaintiffs' counsel cites three Western District cases, one of which was before the undersigned. However, in each case, Plaintiffs' counsels' request for attorneys' fees were unopposed. *Torres v. BrandSafway Industries*, Civ. A. No. 2:21-cv-1771, 2023 WL 346667, at *4 (W.D. Pa. Jan. 20, 2023) (Wiegand, J.) (awarding attorneys' fees in unopposed motion for class action settlement); *Kengerski v. Cnty. of Allegheny*, Civ. A. No. 2:17-cv-1048, 2023 WL 3688222, at *2 (W.D. Pa. May 26, 2023) (awarding attorneys' fees and accepting counsel's proposed rates because "the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward") (Ranjan, J.); *Turkovich v. Sally Beauty Supply LLC*, Civ. A. No. 2:20-cv-694, 2021 WL 767629 (W.D. Pa. Feb. 26, 2021) (Ranjan, J.) (awarding attorneys' fees to prevailing party in default judgment).[2] Where requests for attorneys' fees are unopposed, the Court "has no discretion to reduce the requested rate, even if it is unreasonable." *Souryavong v. Lackawanna Cnty.*, 159 F. Supp. 3d 514, 526 (M.D. Pa. 2016), *aff'd* 872 F.3d 122. Here, KRG disputes the requested hourly attorney rate, and Plaintiffs have not provided any evidence regarding the prevailing rate in the

---

[2] In *Turkovich*, the Court reduced Plaintiff's counsel's hourly rates despite the motion being unopposed because they were "excessive considering the prevailing market rates in the community." 2021 WL 767629, at *1. The Court stated that the adjusted rated were consistent with the CLS rates but noted that "rates in the Philadelphia legal market are, if anything, likely to be higher than those in the Pittsburgh market."

Western District, namely Pittsburgh, and accordingly have not met their burden.  Thus, Plaintiffs'

request for attorneys' fees is denied without prejudice.

## IV.     Plaintiffs are Entitled to Costs Less Travel Costs

Lastly, Plaintiffs seek $25,037.71 in litigation costs.  ECF No. 205.  KRG only challenges

$6,129.70 of costs which represents Plaintiffs' counsels "Hotel, Meal, and Misc. Travel

Expenses."  ECF No. 204-1 at 45.[3]  KRG argues that these travel costs are unreasonable because

Plaintiffs could have retained local counsel, and no evidence has been offered that Plaintiffs could

not find qualified local counsel to handle their case.  ECF No. 211 at 16–17.  In response, Plaintiffs

assert that "originating plaintiff Darlene McDonnell was referred by a personal injury and workers'

compensation firm in Pittsburgh in 2020 to the undersigned counsel…KRG Kings has not shown

that there is an abundance of similar lawyers in the Pittsburgh area who would have taken such

claims and successfully tried the case to a Plaintiffs' verdict."  ECF No. 215 at 9.

The Third Circuit has held that, "under normal circumstances, a party that hires counsel

from outside of the forum of the litigation may not be compensated for travel time, travel costs, or

the costs of local counsel."  *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir.

2008) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005).

"However, where forum counsel are unwilling to represent plaintiff, such costs are compensable."

*Id.*  If counsel in the forum would have been unwilling to represent plaintiff, then including travel

costs and expenses is proper.  *Id.*  Conversely, if that is not the case, travel costs and expenses

should not be awarded.  *Id.*  Here, Plaintiffs have provided no evidence for the Court to determine

---

[3] KRG also challenges any attorneys' fees for travel.  ECF No. 211 at 16–17.  Since those attorneys' fees are separate from the litigation costs, and the Court has already addressed Plaintiffs' request for attorneys' fees, the Court will not address this argument here.

whether counsel in Pittsburgh would have been unwilling to represent Plaintiffs.  Accordingly, Plaintiffs have not shown that they are entitled to $6,129.70 in travel costs.

The Court finds that Plaintiffs' remaining costs, which are unopposed, are reasonable. Accordingly, the Court will award the remaining $18,908.01 in costs.

## V.      Conclusion

For the foregoing reasons, Plaintiffs' Motion for the Award of Liquidated Damages and Pre-Judgment Interest, ECF No. 202, is GRANTED IN PART AND DENIED IN PART and, Plaintiffs Motion for Costs and Attorneys' Fees, ECF No. 204, is GRANTED IN PART AND DENIED IN PART, as follows:

1. Plaintiffs are awarded $159,330.61 in liquidated damages;

2. Plaintiffs are awarded $18,908.01 in litigation costs;

3. Plaintiffs' request for prejudgment interest is denied with prejudice; and

4. Plaintiffs' request for attorneys' fees is denied without prejudice.


DATED this 21st day of June, 2024.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record