IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE MCDONNELL, | ) |
| Plaintiff, | ) ) ) **2:20-CV-01060-CCW** |
| v. | ) ) ) |
| KRG KINGS LLC, KELLY OPERATIONS GROUP, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION**

On October 17, 2023, the jury returned a verdict that Defendant KRG Kings LLC violated the Fair Labor Standards Act and Pennsylvania Minimum Wage Act by having its servers, Plaintiffs Darlene McDonnell and the 405 opt-in plaintiffs, perform side-work that was not related to serving customers. *See* ECF No. 185 at 1. The jury awarded Plaintiffs unpaid wages of $250,000. *Id.* at 2. Before the Court is Plaintiffs' Renewed Motion for Attorneys' Fees, ECF No. 220. KRG opposes the Motion. ECF No. 228. For the reasons set forth below, the Court will grant Plaintiffs' Motion and award $433,150.00 in attorneys' fees.

**I.    Plaintiffs' Request for Attorneys' Fees Will be Granted**

Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The issuance of an award is within the discretion of the district court. *White v. Beaver Cnty.*, Civ. A. No. 2:17-cv-998, 2020 WL 3866896, at *2 (W.D. Pa. July 9, 2010) (Hornak, C.J.). In this Circuit, district courts calculate the lodestar—"the number of hours worked multiplied by the prevailing hourly rate"—before applying any of the twelve (12) factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1964) that "are not already

'subsumed in the lodestar calculation.'" *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 128 (3d Cir. 2017); *White*, 2020 WL 3866896, at *2.

Turning to the lodestar calculation, a reasonable hourly rate is generally "calculated according to the prevailing market rates in the relevant community." *White*, 2020 WL 3866896, at *3. A district court "may not set attorney's fees based on a generalized sense of what is usual and proper but must rely upon the record." *Id.* (citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)). "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The petitioner can meet this initial burden "by submitting evidence supporting the hours worked and rates claimed." *Taylor v. USF-Red Star Express, Inc.*, 212 F. App'x 101, 111 (3d Cir. 2006) (quoting *Rode*, 892 F.2d at 1183 (cleaned up)). The party opposing the petition "then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Id.* (quoting *Rode*, 892 F.2d at 1183). "'[T]he adverse party's submissions cannot merely allege in general terms that the time spent was excessive,' but must identify both the general type of work being challenged and the specific grounds for contending that the hours were unreasonable." *Id.* (quoting *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989)). Once a challenge has been properly raised, "a district court 'has a great deal of discretion to adjust the fee award in light of those objections.'" *Id.* (quoting *Rode*, 892 F.2d at 1183). "But a district court may not make *sua sponte* reductions to fee requests based on material facts not raised at all by the adverse party." *Id.* (citing *Bell*, 884 F.2d at 720).

KRG lodges several objections to the fee request, none of which the Court finds persuasive. The Court will address each in turn.

KRG objects to the reasonableness of the hourly rate advanced by Plaintiffs' counsel. Specifically, KRG argues that Plaintiffs "fail to establish that these rates are reasonable *for a FLSA case* in the Pittsburgh market," ECF No. 228 at 3 (no emphasis added), and that the level of complexity does not support the requested rates, *id.* at 4. Attorney Santillo has an hourly rate of $500, Attorney Gottesfeld has an hourly rate of $400, and Attorney Tolodziecki has an hourly rate of $250. ECF No. 220-1 ¶ 29. In support of their Motion, Plaintiffs provided declarations from three attorneys who regularly practice in the Pittsburgh market, specifically in the field of labor and employment, and who believe that the rates asserted by Plaintiffs' counsel are well within the community market rates for attorneys of the same experience and reputation. ECF Nos. 220-2 (declaration of Christine T. Elzer, Esq.), 220-3 (declaration of Joseph H. Chivers, Esq.), 220-4 (affidavit of Timothy Conboy, Esq.). Further, "the FLSA and its attendant regulations and decisional law are among the more complex in the field of employment law." *White*, 2020 WL 3866896, at *6. Here, although KRG contends that Plaintiffs' rates are unjustified because this case has been simple, the case's history contradicts their position. This case was not simple—it had been pending for three years before trial and involved both FLSA and class certification. Accordingly, the Court finds that Plaintiffs have established that their requested hourly rates are reasonable.

KRG next objects to the reasonableness of the hours worked by Plaintiffs' counsel. Specifically, KRG argues that Plaintiffs overstaffed the case by utilizing three attorneys, ECF No. 228 at 5; that Plaintiffs' counsel failed to remove time spent pursuing unsuccessful claims, including claims against Kelly Operations, *id.* at 6; and that several time entries lack specificity, *id.* at 7. Plaintiffs seek fees for 1,031.7 hours. ECF No. 220-1 ¶ 32. This figure represents a downward adjustment of 261.2 hours, including: time incurred by Attorneys Winebrake and

Aaron; time dedicated to travel related to this case; time dedicated to work on the issues of "joint employment," whether Defendant Kelly Operations Group, LLC was an "employer," and Plaintiffs' unsuccessful motion to bifurcate the trial; time incurred by clerical staff; time spent on administrative or clerical tasks; time occurring after December 14, 2023; and duplicative entries or entries that would not otherwise be charged to a client. ECF No. 220-1 ¶ 31. First, the Court does not view Plaintiffs' use of three attorneys to be excessive, especially given the number of members in the FLSA collective and class and the number of witnesses who testified at trial. Further, Plaintiffs have already excluded time relating specifically to the issue of whether Kelly Operations is a joint employer. *Id.* Thus, KRG's objections do not warrant any reductions to the hours requested which have already been reduced. Accordingly, the Court concludes that Plaintiffs have met their initial burden of submitting evidence supporting that the (1) the rates claimed and (2) the hours worked are reasonable, and those numbers will be used to calculate the lodestar.

Turning to the *Johnson* factors, KRG's final objection is that the requested fees as a whole are unreasonable given Plaintiffs' recovery at trial, and it asks that Plaintiffs' counsel be awarded only 25% of their requested fees, after reducing the rates and number of hours worked. "[C]ourts should not reduce fees simply because some of a prevailing party's related claims are unsuccessful." *McKenna v. City of Phila.*, 582 F.3d 447, 457 (3d Cir. 2009) (citing *Hensley*, 461 U.S. at 434–35) (emphasis original). As such, "where a plaintiff's claims involve a common core of facts or are based on related legal theories, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hansen Found., Inc. v. City of Atl. City*, No. 1:19-cv-18608 (NLH/AMD), 2021 WL 3674354, at *17 (D.N.J. Aug. 19, 2021) (quoting *McKenna*, 582 F.3d at 457 (cleaned up)). The Court agrees with Plaintiffs that their successful and unsuccessful claims shared a common core

of facts. Indeed, all of Plaintiffs' claims arose under the FLSA and PMWA, and both related to Plaintiffs' performance of side-work. Further, while Plaintiffs were unsuccessful as to their claims against Defendant Kelly Operations, evidence and testimony regarding Kelly Operations was relevant outside its impact on the joint employer analysis and was pertinent to Plaintiffs' successful claims. None of the *Johnson* factors raised by KRG warrant reducing the lodestar calculation, and all other *Johnson* factors are either inapplicable or have been subsumed by the lodestar calculation. Therefore, the Court will award Plaintiffs $433,150.00 in attorneys' fees.

## II.     Conclusion

For the foregoing reasons, Plaintiffs' Renewed Motion for Attorneys' Fees, ECF No. 220, is GRANTED and Plaintiffs will be awarded $433,150.00 in attorneys' fees.

DATED this 16th day of September, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record